

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Hon. Homer D. Kok
County Auditor
Fayette County
La Grange, Texas

Dear Sir:

        Opinion No. O-5882
        Re: In delinquent tax suits can
           the sheriff of the county hire
           an attorney to prepare the deed
           for him and show this as an
           expense of office in addition
           to the $2.00 allowed the sheriff
           for his services?
           And a related question.

We have your request for opinion which is as follows:

"I shall appreciate your ruling whether or not an attorney who has contracted with the county to collect delinquent taxes, and whose contract has expired, can tax as other cost a fee for preparing a tax deed for the sheriff in addition to that amount allowed the sheriff, who sold property for delinquent taxes.

"Can the sheriff of the county hire an attorney to prepare the deed for him and show this as an expense of office in addition to the $2.00 allowed the sheriff for his services?"

We answer each of the foregoing two questions in the negative.

The only costs which may be taxed in delinquent tax suits are those specifically provided for by statute. There is no statute which authorizes a delinquent tax attorney whose contract has expired to tax as costs a fee for preparing a tax deed for the sheriff.

...ATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Homer D. Eck, page 2

Likewise there is no statute in existence which authorizes the sheriff to hire an attorney to prepare the tax deed for him and show this as an expense of office in addition to the $2.00 allowed the sheriff for his services.

Your attention is called to Article 7326, Vernon's Revised Civil Statutes of Texas, which provides that in case the property is sold by the sheriff to the State the sheriff shall make a deed to the State, using forms to be prescribed and furnished by the Comptroller, showing in each case the amount of taxes, interest, penalty and costs for which sold, and the clerk's costs for recording the deeds. He is further required by said statute to cause such deeds to be recorded in the record of deeds by the county clerk of the county and when so recorded shall forward the same to the Comptroller. In instances where the land is sold by the sheriff to the State insomuch as a form for the deed is used which is prepared by the Comptroller, it is evident that there would be no reason why the sheriff would be forced to employ an attorney to fill in this blank form. In the event the sheriff could not fill in such form and felt forced to employ an attorney to fill the form in for him, the expense of same would have to come out of his private purse. Furthermore, the statutes of Texas contemplate that the county and/or district attorney shall be the legal adviser of the sheriff as well as the other county officers; and as all officers are presumed to perform their duty it would appear that in the event the sheriff had difficulty in executing a tax deed he could go for legal advice to the public officer whose duty it is to advise him in regard to such matters.

Trusting that we have answered your questions fully, and assuring you that any time we can be of further assistance to you you have but to call upon us, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 29, 1944

ATTORNEY GENERAL OF TEXAS

By

George P. Blackburn
Assistant

GPB:AM

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN